THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LUIS ANGEL SUAZO MUNOZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | **ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER**<br>Case No. 2:26-cv-01002-RJS<br>District Judge Robert J. Shelby |

Before the court is Luis Angel Suazo Munoz's Petition for Writ of Habeas Corpus[1] and Emergency Motion for Temporary Restraining Order.[2] For the reasons set forth below, the court concludes the Petition is sufficient to issue an Order to Show Cause and GRANTS the Emergency Motion for Temporary Restraining Order.

## BACKGROUND[3]

### A. Petitioner Suazo

Suazo is a citizen of Peru.[4] Suazo arrived to the United States at an unspecified date, and it is unclear if he entered without inspection or was previously detained by immigration authorities.[5] At the time of his arrest, Suazo was residing in Utah with his mother.[6] Suazo's

---

[1] Dkt. 1, *Verified Petition for Writ of Habeas Corpus and Declaratory Action* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] Dkt. 3, *Emergency Motion for Temporary Restraining Order and Preliminary Injunction Requiring Disclosure of Petitioner's Location and Prohibiting Removal.*

[3] The following facts are drawn from the Petition.

[4] *Petition* ¶ 15.

[5] *See generally id.*

[6] *Id.* ¶ 42.

mother has an open Form I-589 asylum application, which includes Suazo as a derivative beneficiary.[7] On April 25, 2025, an immigration judge denied Suazo's mother's asylum application and ordered both noncitizens be removed.[8] Suazo's mother subsequently appealed the decision to the Board of Immigration Appeals (BIA), which remains pending.[9]

On October 8, 2026, immigration officers conducted an enforcement operation at the family's home to apprehend another unnamed individual.[10] The officers arrested Suazo and his mother during the operation and informed them that they had existing removal orders against them.[11] The following day, immigration authorities released Suazo's mother after recognizing that her administrative appeal of the removal decision remained pending, but officials declined to release Suazo because, according to the officials, "he did not have a pending appeal."[12] At the time the Petition was filed, the Executive Office for Immigration Review (EOIR) public records indicated he did indeed have an appeal pending.[13] Suazo remains in detention, and his current location is unknown to his family and counsel.[14] At the time of filing, U.S. Immigration and Customs Enforcement (ICE)'s online detainee locator did not provide Suazo's location, and the ICE Salt Lake City Field Office telephone number remains disconnected.[15] On October 13, 2026, Suazo filed instant the Petition.[16]

---

[7] *Id.* ¶ 37.

[8] *Id.* ¶ 38.

[9] *Id.* ¶¶ 39–41.

[10] *Id.* ¶ 43.

[11] *Id.* ¶¶ 43–44.

[12] *Id.* ¶ 45–46.

[13] *Id.* ¶ 46; *see also* Dkt. 1-1, *Automated Case Information*.

[14] *Petition* ¶ 49.

[15] *Id.* ¶¶ 50–51.

[16] *Id.*

**B. The Immigration and Nationality Act**

"The Immigration and Nationality Act (INA) is the foundation of our laws on immigration and naturalization."[17] Under the INA, the government has authority to detain noncitizens with pending removal proceedings under three provisions: 28 U.S.C. §§ 1225, 1226 & 1227.[18] Section 1225 governs noncitizens arrested at or near the border and provides for mandatory detention pending a final determination of removal.[19] Section 1226 governs detention pending the outcome of standard removal proceedings for most noncitizens arrested in the interior of the country, as is the case here.[20] Under the Section, immigration enforcement authorities may arrest and detain a noncitizen pending a removal decision "[o]n a warrant issued by the Attorney General."[21] Removal proceedings, as outlined in § 1229, provide a noncitizen with notice, the opportunity to secure counsel, and a hearing before an immigration judge.[22] Significantly, "§ 1226 permits immigration officials to release the alien on bond subject to some exceptions."[23] Finally, § 1231 governs the detention of aliens ordered removed, and mandates

[17] *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1234 (10th Cir. 2026) (quoting *Kan. v. Garcia,* 589 U.S. 191, 195 (2020)). In 1996, Congress amended the INA by enacting the Illegal Immigration Reform and Immigrant Responsibility Act. *See Nken v. Holder*, 556 U.S. 418, 423 (2009); *see also* 8 U.S.C. § 1226.

[18] *Santillan Quiroz*, 180 F.4th at 1234. The INA refers to noncitizens as "aliens." *See, e.g.*, 8 U.S.C. § 1101(a). Courts use the terms "alien" and "noncitizen" interchangeably. *Compare Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (using "aliens"), *with Thuraissigiam*, 591 U.S. at 158 (Sotomayor, J. dissenting) (using "noncitizens"). Accordingly, the court uses both terms throughout this Order.

[19] 8 U.S.C § 1225(a)(1), (b)(1)(B))(iii)(IV); *see also Santillan Quiroz*, 180 F.4th at 1246 (holding § 1225 "is restricted to the border").

[20] 8 U.S.C. § 1226(a); *see also Santillan Quiroz*, 180 F.4th at 1246 (holding § 1226 governs detentions in the interior of the country).

[21] 8 U.S.C. 1226(a).

[22] *Id.* § 1229.

[23] *Santillan Quiroz*, 180 F.4th at 1234 (quoting 8 U.S.C. § 1226(a)(2)(A)) (citation modified); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

detention throughout the removal period.[24]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[25] The court may issue a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[26] "[O]nce a petition for writ of habeas corpus is filed, unless the court is of the opinion that the petitioner is not entitled to an order to show cause, the writ must be awarded 'forthwith,' or an order to show cause must be issued."[27] A petitioner is entitled to an order to show cause if it appears, on its face, that the habeas petition may have merit.[28]

## ANALYSIS

Suazo challenges his continued detention under the INA and Fifth Amendment Due Process Clause.[29] Suazo argues his detention violates the INA because the removal order against him is not yet final, and therefore his detention is not governed by § 1231.[30] Suazo further contends Respondents violated his Fifth Amendment Due Process rights by arresting him without an individual determination of whether he is a flight risk or danger to the community, thereby denying him the opportunity to contest his detention and interfering with his access to

---

[24] 8 U.S.C. § 1231(a)(1)(A), (2)(A).

[25] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[26] 28 U.S.C. § 2241(c)(3).

[27] *Harris v. Nelson*, 394 U.S. 286, 298–99 (1969) (citing 28 U.S.C. § 2243).

[28] *See Alexander v. Daugherty*, 189 F. Supp. 956, 957–58 (D. Wyo. 1960) (citing *Thomas v. Arizona*, 356 U.S. 390 (1958)); *Walker v. Johnson*, 312 U.S. 275, 284 (1941) ("It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer.").

[29] *Petition* ¶¶ 56–86.

[30] *Id.* ¶¶ 56–63.

counsel and meaningful review of his detention.[31] Suazo requests the court order his immediate release, amongst other remedies.[32]

Based on the allegations in the Petition, the court concludes the Petition has sufficient merit to issue an order to show cause pursuant to 28 U.S.C. §§ 2241 and 2243.[33] The court also GRANTS the Emergency Motion for Temporary Restraining Order.[34]

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. Respondents are ORDERED TO SHOW CAUSE **by Monday, October 19, 2026** why the Petition for Writ of Habeas Corpus should not be granted.[35] The Response must address (1) the merits of the Petition and (2) the appropriate remedy should the court conclude the Petition is meritorious. If desired, Suazo may file a reply no later than 5:00 p.m. on Tuesday, October 20, 2026.

2. The court ORDERS that Suazo shall not be transferred out of the boundary of the Tenth Circuit.[36] The court further ORDERS Suazo shall not be removed from the United States unless and until the court orders otherwise. The court further ORDERS Respondents to disclose Suazo's current location to his counsel no later than **Thursday, October 15, 2026.** Any facility where Suazo is held must provide access to his lawyer no later than **Friday, October 16, 2026** and be capable of making him available for an in-person hearing.

---

[31] *Id.* ¶¶ 64–86.

[32] *Id.* 18–19.

[33] 28 U.S.C. § 2241 (stating courts may issue a writ of habeas corpus to a person in custody in violation of the Constitution or laws of the United States); *id.* § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[34] Dkt. 3.

[35] *See id.* § 2243.

[36] The Tenth Circuit is comprised of Utah, Colorado, New Mexico, Oklahoma, Kansas, and Wyoming.

3. By **Thursday, October 15, 2026, at 5:00 PM**, the court ORDERS Suazo's counsel to (1) serve Respondents with a copy of the Petition, along with a copy of this Order, by email and overnight mail to the United States Attorney's Office for the District of Utah; and (2) promptly file proof of such service on the docket.

4. To ensure that the relevant government officials have notice of this Order, the Clerk of Court is also directed to serve a copy of this Order, via email, to the following:

- United States Attorney for the District of Utah
- Jawayria Auchter, civil duty attorney for the United States Attorney for the District of Utah

SO ORDERED this 14th day of October, 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

United States District Court
for the
District of Utah
October 14, 2026

******MAILING CERTIFICATE OF THE CLERK******

RE: 2:26-cv-01002-RJS
Suazo Munoz v. Mullin et al

I hereby certify that on 10/14/2026, a copy of the ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER was sent via encrypted email transmission to the following:

Melissa Holyoak
c/o Jawayria Zarreen Auchter
US ATTORNEY'S OFFICE
Email: jawayria.auchter@usdoj.gov, chantele.stuart2@usdoj.gov, glen.proctor@usdoj.gov, lacey.kiger@usdoj.gov, stephanie.reinhart@usdoj.gov

Mozelle H, Deputy Clerk